UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Lawrence P. Russell, Jr.,                                    Case No. 3:24-cv-256

        Plaintiff,

v.                                                           MEMORANDUM OPINION
                                                             AND ORDER

Lt. Christopher Henry, *et al.*,

        Defendants.

## I. INTRODUCTION

On February 9, 2024, Plaintiff Lawrence P. Russell, Jr. filed suit against Defendants Lt. Christopher Henry, Amanda Hayes, and Kimberly Henderson, alleging those Defendants denied him proper medical care after Russell fell on a wet cell floor at the Toledo Correctional Institution. (Doc. No. 1). Russell also filed an application to proceed without prepayment of the civil filing fee pursuant to 28 U.S.C. § 1915(g). (Doc. No. 2). On March 24, 2024, Magistrate Judge Darrell A. Clay granted Russell's *in forma pauperis* application (the "IFP Order"). (Doc. No. 3).

Defendants move to dismiss Russell's complaint for failure to comply with § 1915(g), and pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. (Doc. No. 5). Defendants also move, in the alternative, to vacate the IFP Order, due to Russell's failure to comply with all of the requirements of § 1915(g). (*Id.*). In response, Russell filed a "motion for added evidence" in support of his IFP application. (Doc. No. 7). Defendants moved to strike this

motion. (Doc. No. 8). For the reasons stated below, I deny Defendants' motion to strike and grant their motion to dismiss for failure to state a claim.

## II. BACKGROUND

On April 26, 2023, Russell was an inmate at the Toledo Correctional Institution in Toledo, Ohio. He alleges he reported feeling suicidal and was examined by medical staff members before being taken to a cell known as a "constant watch" cell. (Doc. No. 1 at 3). Upon arriving at the constant watch cell, Russell noticed the floor of the cell was wet. (*Id.*). Russell notified the officers escorting him to the cell. He alleges he told the officers that the cell was unsafe because the floor was wet and he was not wearing shoes. (*Id.*). Lieutenant Christopher Henry told Russell the floor had just been cleaned. Russell alleges Henry and other staff members began to "shove" and "push[]" him into the cell. (*Id.*).

Russell fell while entering the constant watch cell with his hands cuffed behind his back and he alleges he injured his neck and back as a result of the fall. Russell alleges his request to go to the medical unit was denied and he asserts the officers should have allowed the floor to properly dry before forcing him to enter the constant watch cell.

## III. DISCUSSION

### A. MOTION TO STRIKE

As I noted above, Russell filed a document titled "motion for added evidence from federal motion from March[] 14[,] 2024 order." (Doc. No. 7 at 1). The evidence he offers is documentation of "the entire informal complaint process [and] grievance process" following his April 26, 2023 fall. (*Id.*); (*see also* Doc. No. 7-1). Defendants move to strike this filing. (Doc. No. 8).

Under Rule 12(f) of the Federal Rules of Civil Procedure, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of this motion "'avoid[s] the expenditure of time and money that must arise from

litigating spurious issues by dispensing with' them early in the case." *Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (citation omitted). Such motions are disfavored. *Id.*

The movant must demonstrate the challenged matter "has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendant[]." *See* 2 Moore's Federal Practice § 12.37[3] (3d ed. 2017). Motions to strike are aimed at material contained in pleadings. *See Fox v. Mich. State Police Dep't*, 173 Fed. App'x 372, 375 (6th Cir. 2006).

Defendants fail to show that I should strike Russell's filing. It is not a pleading or a part of a pleading. While Defendants state the filing "is immaterial and serves to clutter the docket," (Doc. No. 8 at 1), they do not offer any argument in support of that position. (*See id.* at 2-3). Thus, it is unclear why Defendants believe the record of Russell's pursuit of his administrative remedies is immaterial to this case. I deny their motion.

Though I decline to strike Russell's filing, I also decline to consider it in connection with Defendants' challenge to the IFP Order. Defendants argue the IFP Order should be vacated because: (1) Russell filed an affidavit in support of his IFP application in which he states he was incarcerated at a correctional institution in St. Clairsville, Ohio, when he actually was incarcerated at the Toledo Correctional Institution, (2) Russell failed to file a certified copy of his inmate trust account for the six-month period immediately prior to the date on which Russell filed his complaint, and (3) Russell failed to file a notarized cashier's form. (Doc. No. 5 at 3-4). Russell does not explain how the grievance records he filed would remedy any of those deficiencies.

Further, I decline to consider Russell's filing in connection with Defendants' Rule 12(b)(6) motion. "As a general rule, a court considering a motion to dismiss 'must focus only on the allegations in the pleadings.'" *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020) (quoting *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020)). Russell did

3

not move to amend his complaint to include the information in his filing as a part of his pleadings and therefore I "will consider the viability of [Russell's] claims without reference to evidence not including [his] complaint." *Waskul*, 979 F.3d at 440.

### B. MOTION TO DISMISS

Defendants read the complaint to contain two possible causes of action: a claim for denial of medical care and a conditions-of-confinement claim, both of which allege a violation of Russell's Eighth Amendment rights. (*See* Doc. No. 5 at 7-10). I agree that these are the claims raised on a fair reading of Russell's factual allegations.

The Eighth Amendment prohibits "cruel and unusual punishments," including "punishments which, although not physically barbarous, 'involve the unnecessary and wanton infliction of pain.'" *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). The Eighth Amendment protects an inmate's constitutional right to adequate medical treatment. *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 102-04 (1976). When an inmate's conditions of confinement form the basis for a claim of cruel and unusual punishment, those conditions may be found to violate the Eighth Amendment when they "deprive [an] inmate[] of the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347. Both Russell's medical claim and his conditions of confinement claim require that he show Defendants acted with deliberate indifference to his health and safety. *Estelle*, 429 U.S. at 106 (medical care); *Lamb v. Howe*, 677 F. App'x 204, 208-10 (6th Cir. 2017) (conditions of confinement).

Defendants argue Russell fails to allege he suffered a serious medical need or that any Defendant acted with deliberate indifference toward such a need, if one existed. (Doc. No. 5 at 8). Similarly, they argue Russell has not alleged any Defendant acted with deliberate indifference toward a condition posing a substantial risk of serious harm in placing Russell in a cell with a wet floor. (*Id.* at 9-10).

4

Russell failed to respond to Defendants' Rule 12(b)(6) arguments. This failure means Russell has forfeited his claims. *See, e.g., KSA Enter., Inc. v. Branch Banking & Trust Co.*, 761 F. App'x 456, 463 (6th Cir. 2019) ("A party's failure to respond to an argument raised in a motion to dismiss results in the forfeiture of that argument."); *Notredan, L.L.C. v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013) (plaintiff's failure to respond to defendant's failure-to-state-a-claim argument "amounts to a forfeiture of the . . . claim"). Therefore, I grant Defendants' motion to dismiss for failure to state a claim upon which relief may be granted.

## V. CONCLUSION

For the reasons stated above, I grant Defendants' motion to dismiss Russell's complaint pursuant to Rule 12(b)(6). (Doc. No. 5). I deny the motion to the extent it seeks dismissal pursuant to § 1915(g) and to vacate the IFP Order. I also deny Defendants' motion to strike. (Doc. No. 8). Finally, I deny as moot Russell's motion to expedite court proceedings and settlement stages. (Doc. No. 9).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge